ORIGINAL
FILED
U.S. DISTRICT COURT
DISTRICT OF WYOMING

SEP 30 2010

Stephan Harris, Clerk
Cheyenne

CHRISTOPHER A. CROFTS
United States Attorney
JOSEPH H. AZBELL
Assistant United States Attorney
United States Attorney's Office
For the District of Wyoming
2120 Capitol Avenue, 4th Floor
Cheyenne, WY 82001
Telephone: (307) 772-2124
Facsimile: (307) 772-2123
Email: joseph.azbell@usdoj.gov

SEAN RATLIFF, Trial Attorney (*Pro Hac Vice* Pending)
RITA BYRNES KITTLE, Supervisory Trial Attorney
U.S. Equal Employment Opportunity Commission
303 E. 17th St., Suite 410
Denver, CO 80203
Telephone:  (303) 866-1370
Facsimile: (303) 866-1375
Email: sean.ratliff@eeoc.gov
       rita.kittle@eeoc.gov

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF WYOMING**

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) |
| Plaintiff, | ) ) CIVIL NO. 10 CV 212-F |
| v. | ) **COMPLAINT - ADA** ) **JURY TRIAL DEMAND** |
| MAVERIK, INC., d/b/a Maverik Country Stores, | ) ) |
| Defendant. | ) |

**COMPLAINT**

## NATURE OF THE ACTION

This action arises under Titles I of the Americans with Disabilities Act of 1990 and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the bases of disability and to provide appropriate relief to Randy A. Ramos, who was adversely affected by such practices. As alleged with greater particularity below, the United States Equal Employment Opportunity Commission ("Plaintiff" or the "Commission") alleges that Maverik, Inc. ("Maverik") unlawfully discriminated against Mr. Ramos by failing to make reasonable accommodations and wrongfully discharging Mr. Ramos due to his disability.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to 107(a) of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. §§ 12117(a), which incorporate by reference Sections 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e-5(f)(1) and (3), and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the District of Wyoming.

3. More than thirty days prior to the institution of this lawsuit, Randy Ramos jointly filed a charge with the Wyoming Fair Employment Program and the Commission alleging violations of the ADA by Defendant.

4. All conditions precedent to the institution of this lawsuit have been fulfilled.

2

## PARTIES

5. Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is an agency of the United States of America charged with the administration, interpretation and enforcement of Title I of the ADA and is expressly authorized to bring this action by 107(a) of the ADA, 42 U.S.C. §§ 12117(a), which incorporate by reference Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

6. At all relevant times, Defendant, a Wyoming corporation, has continuously been doing business in the State of Wyoming. At all relevant times, Defendant has employed at least fifteen (15) employees.

7. At all relevant times, Defendant has been an employer engaged in an industry affecting commerce within the meaning of Section 101(5) of the ADA, 42 U.S.C. §12111(7), and Section 101(7) of the ADA, 42 U.S.C. § 12111(7), which incorporates by reference Sections 701(g) and (h) of Title VII, 42 U.S.C. §§ 2000e(g) and (h).

8. At all relevant times, Defendant has been a covered entity under Section 101(2) of the ADA, 42 U.S.C. §12111(2).

## GENERAL ALLEGATIONS

9. Maverick Country Stores is a convenience store and gas station chain which has locations in seven western states, including Wyoming.

10. In each calendar year from 2007 to the present, Defendant employed more than 500 employees.

11. Randy A. Ramos began working for the Maverik Country Store in Afton, Wyoming in March 2005.

12. At the time of his termination, Mr. Ramos was employed by Maverik as a bakery clerk.

13. Mr. Ramos, who is HIV positive, is an individual with a disability.

14. Mr. Ramos's impairment substantially limits one or more of his major life activities, including sleeping, physical movement (standing, bending, lifting, etc.), and sexual activity.

15. Mr. Ramos was a good employee.

16. Mr. Ramos never received any written discipline during his three year employment with Defendant.

17. During his employment, Mr. Ramos occasionally was unable to complete his assigned duties during the scheduled shift due to his disability.

18. Maverik was aware that Mr. Ramos occasionally needed to work extra hours due to an illness.

19. In early May 2008, Ramos tripped at work and filed a workers' compensation claim based on an injury to his back.

20. In a letter dated May 13, 2008, the Workers' Safety and Compensation Division indicated that Ramos had a preexisting condition – "chronic pain which is induced by your HIV and treatments."

4

21.     A copy of the May 13, 2008 letter denying Mr. Ramos's workers' compensation claim was sent to Maverik's corporate office in Salt Lake City.

22.     Thirteen days later, on May 26, 2008, Defendant fired Ramos by leaving him a phone message.

23.     Defendant alleges that Mr. Ramos was terminated, in part, for working extra hours beyond his shift.

24.     Other non-disabled employees worked extra time beyond their scheduled shifts and were not terminated.

## FIRST CLAIM FOR RELIEF

[Failure to Accommodate – 42 U.S.C. §§ 12112(a), 12112(b)(5)(A)]

25.     The allegations contained in paragraphs 1 through 24 are hereby incorporated by reference.

26.     Randy A. Ramos is disabled as defined in the ADA. 42 U.S.C. § 12102(2)(A).

27.     Randy A. Ramos is able, with or without reasonable accommodation, to perform the essential functions of the job of bakery clerk.

28.     Defendant was aware of Ramos's disability.

29.     Maverik was aware that Ramos needed a reasonable accommodation due to his disability.

30.     Defendant failed and refused to provide any accommodation for Mr. Ramos.

31.     Defendant failed and refused to engage in good faith discussions with Mr. Ramos concerning his request for accommodation.

32. Defendant's failure to provide Mr. Ramos any reasonable accommodation was intentional.

33. Defendant's failure to provide Mr. Ramos any reasonable accommodation was malicious and/or done with reckless indifference to Mr. Ramos's federally protected rights.

34. As a result of Defendant's failure to provide reasonable accommodation for his disability, Mr. Ramos was deprived of equal employment opportunities; was deprived of wages, benefits and job training; was subjected to emotional pain, suffering, inconvenience, loss of enjoyment of life, and humiliation; and was otherwise disadvantaged compared to his non-disabled coworkers.

## SECOND CLAIM FOR RELIEF

[Unlawful Termination - 42 U.S.C. §§ 12112(a), 12112(b)(5)(B)]

35. The allegations contained in paragraphs 1 through 34 are hereby incorporated by reference.

36. Defendant intentionally terminated Mr. Ramos because of his disability or because of the need to provide reasonable accommodation for his disability.

37. Defendant's discriminatory termination of Mr. Ramos's employment was done with malice or reckless indifference to his federally protected rights.

38. As a result of Defendant's discriminatory termination of his employment, Mr. Ramos was deprived of equal employment opportunities; was deprived of wages, benefits and job training; was subjected to emotional pain, suffering, inconvenience, loss of enjoyment of life, and humiliation; and was otherwise disadvantaged compared to his non-disabled coworkers.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant, its officers, successors, assigns and all persons in active concert or participation with it, from engaging in any employment practice which discriminates on the basis of disability.

B. Order Defendant to institute and carry out policies, practices and programs which provide equal employment opportunities for employees with disabilities, and which eradicate the effects of its past and present unlawful employment practices.

C. Order Defendant to make whole Randy Ramos by providing appropriate back pay and benefits with prejudgment interest, compensatory damages in amounts to be proved at trial, and other affirmative and equitable relief necessary to eradicate the effects of its unlawful employment practices, including reinstatement or front pay in lieu thereof.

D. Order Defendant to make whole Randy Ramos by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of in the paragraphs above, including emotional pain, suffering, inconvenience, loss of enjoyment of life, and humiliation, in amounts to be determined at trial.

E. Order Defendant to pay Randy Ramos punitive damages for its malicious or reckless conduct described in the paragraphs above, in amounts to be determined at trial.

F. Grant such further relief as the Court deems necessary and proper.

G. Award the Commission its costs in this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

Dated: September 30, 2010.

                          Respectfully submitted,

                          CHRISTOPHER CROFTS
                          United States Attorney

By:                     _____
                          JOSEPH H. AZBELL
                          Assistant United States Attorney
                          United States Attorney's Office

                          U.S. EQUAL EMPLOYMENT
                          OPPORTUNITY COMMISSION
                          P. David Lopez
                          General Counsel
                          Gwendolyn Young Reams
                          Associate General Counsel
                          Mary Jo O'Neill
                          Regional Attorney
                          Rita Byrnes Kittle
                          Supervisory Trial Attorney

                          _____
                          SEAN RATLIFF (*Pro Hac Vice Pending*)
                          Trial Attorney

                          EQUAL EMPLOYMENT OPPORTUNITY
                          COMMISSION
                          Denver Field Office
                          303 E. 17th Avenue, Suite 410
                          Denver, CO 80203
                          (303) 866-1370

NOTE: It is sufficient for service on the EEOC that pleadings, notices, and any other court documents be served on the Trial Attorneys. Duplicate service is not required on the General Counsel and Associate General Counsel in Washington, D.C.